JS-6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHEP USA,

      Plaintiff,

v.

L.A. PALLETS INC.,

      Defendant.

Case No.: 2:23-cv-05771-CAS-SK x

### CONSENT JUDGMENT

UPON CONSIDERATION of the Settlement Agreement entered into between the Parties, Plaintiff CHEP USA ("CHEP"), and Defendant L.A. Pallets Inc. (the "Defendant"), it is this 29 day of January 2024, STIPULATED by the Parties and ORDERED THAT:

1.    CHEP is the sole and exclusive owner of the wooden pallets painted blue and/or marked with "Property of CHEP" (hereafter defined as "CHEP Pallets"). A description of the CHEP Pallets is attached as **Exhibit A**.

2.    CHEP has not licensed or leased the CHEP Pallets to Defendant for use in the Defendant's business or for any other purpose.

3.    CHEP is entitled to recover all CHEP Pallets from Defendant with the retrieval schedule and ongoing recovery terms agreed to by the Parties separately in the Settlement Agreement of this litigation.  A copy of the Settlement Agreement is attached as **Exhibit B**. Defendant shall provide unimpeded access to the CHEP Pallets for retrieval and shall provide commercially reasonable cooperation to CHEP during retrieval of the CHEP Pallets.

4.    Defendant and its officers, directors, owners, and employees, are hereby enjoined

from any intentionally or knowingly future purchase, sale, use, destruction, dismantling, or otherwise treatment or use of CHEP Pallets inconsistent with CHEP's ownership rights, the Settlement Agreement, and/or this Consent Judgment.

5.      Defendant agrees that CHEP may conduct a walk-through inspection of Company's Compton Facility to monitor compliance with the Settlement Agreement and determine the presence and number of CHEP Pallets at Company's Compton Facility (described in the Settlement Agreement) (and any future Company facility that may replace it). Company shall allow CHEP reasonable access without any required advance notice to the Company's Compton Facility (or any future Company facility that may replace it), including any warehouses, storage areas, trailers, and/or any location where CHEP pallets may be stored, during the Defendant's normal business hours. If CHEP pallets are discovered during any such inspection, which CHEP pallets had not been previously disclosed, Defendant shall identify the source of those CHEP pallets.

6.      Defendant agrees to produce copies of all invoices (or other equivalent documentation) (collectively, "Invoices") pursuant to which the Company purchased, received, or otherwise came into possession, sold, and/or transferred CHEP Pallets in accordance with the terms of the Settlement Agreement.  To the extent not apparent on the face of the Invoices, Company shall also identify the name(s) and address(es) of all individuals and/or entities that sold, transferred, otherwise made available, purchased, transferred and/or received CHEP Pallets to or from Company. Company shall also specifically identify the location(s) where it acquired or delivered / transferred CHEP Pallets regardless of whether Company has any Invoices.

7.      Defendant shall notify CHEP if it intends to relocate the Company's Compton Facility (as that term is defined in the Settlement Agreement).

8.     This Consent Judgment shall bind all successors and assigns of the Parties.

9.     Upon the Entry of this Consent Judgment, this Civil Action is hereby dismissed against the Defendant upon stipulated terms. However, this Civil Action may be reopened at any time against the Defendant to enforce the Settlement Agreement and/or this Consent Judgment through the entry of an order to show cause, judgment, or for other appropriate relief.

10.    Each Party shall bear its own attorneys' fees and costs incurred in this Civil Action. Any future award of attorneys' fees and costs shall be awarded pursuant to the Settlement Agreement.

11.    This Court retains jurisdiction over this matter with respect to Defendant for the purposes of administration and enforcement of this Consent Judgment and the Parties' Settlement Agreement.

**CONSENTED TO BY**:

**L.A. PALLETS INC.**                    **CHEP USA**

By: _____                   By: _____
Name: Ariel Miranda                      Name: Mario Birsa
Title: Owner                             Title: National Mgr. Asset Protection &
                                         Security

Dated: February 16, 2024                 **SO ORDERED:**

                                         _____
                                         HONORABLE JUDGE PRESIDING

# Exhibit A



# Pooled Wood Block Pallet
## North American Standard (48 x 40 inches)

## Overview

This industry standard quality wooden platform is ideal for the transport of goods in many industries including Fast Moving Consumer Goods, Beverage, Produce, Hardware, and Automotive industries.

Its 4-way entry design offers greater efficiencies during transport and storage.







## Features and Benefits

### Innovative Design

- True 4-way entry ensures compatibility with all standard pallet jacks and forklifts
- Provides greater efficiency in pallet loading and unloading
- Free Span racking in either direction

### Consistent Specification

- Suitable for automated production and warehousing facilities, increasing operational efficiency

### Consistent Availability

- Ensures no delay in production at times of seasonal or unexpected demand

### Robust Construction - Full Perimeter Base

- Provides strength for safe handling of heavy loads
- Evenly distributes load to reduce product damage
- Provides stability in block stacking
- Design eliminates notched stringers

### Environmentally Sound

- Made from 100% reuseable or recycled materials

## Specifications

### Dimensions - in inches

|  | Length | Width | Height |
|---|---|---|---|
|  | 48 | 40 | 5.6 |

### Window / Pallet entry - in inches

|  | Width | Height |
|---|---|---|
| 48 in side | 14.6 | 3.5 |
| 40 in side | 12.5 | 4.2 |

### Configuration and Stacking

- Block stacked up to 5 unit loads high, not to exceed 10,000 lbs
- Empty pallets can be (stacked) stored 19 high in a trailer

## Notes

### Materials

**Wood:** quality timber from a controlled selection of different wood types, primarily kiln-dried Southern Yellow Pine

**Paint:** water based

**Nails:** either standard or stiff stock wire

### Handling

- Maximise the use of the pallet surface
- Minimise lifting from the undersides of the skids
- Rack the pallets under the outside blocks

### Performance and Standards

A general purpose pallet that can be safely used for most applications in the distribution and transport chain. The CHEP Block Pallet has been designed using the Pallet Design System to carry 2,800 lbs in normal operating circumstances with a uniformly distributed load.

FM Approval applies to wood pallets that utilize composite wood blocks produced after December 30, 2008

### Truck Load Quantity

570 pallets

---

**CHEP.com**

**CHEP Pallecon Solutions**
Suite 100
37564 Amrhein Road
Livonia, MI 48150
USA
Tel: 1 888 873 2277

**CHEP USA**
5897 Windward Parkway
Alpharetta, GA 30005
USA
Toll Free: + 1 800 370 2437
Tel: +1 407 370 2437
Fax: +1 407 355 6211

Property of CHEP. All equipment is rented under CHEP standard terms and conditions, which are available at 8517 South Park Circle, Orlando, FL 32819. All CHEP equipment remains the exclusive property of CHEP at all times.

# Exhibit B

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (this "Settlement Agreement") is made and entered into as of January 29, 2024 (the "Effective Date") by and between L.A. Pallets Inc. (the "Company") and CHEP USA ("CHEP," and together with Company, the "Parties").

WHEREAS, CHEP operates a global equipment pooling business, consisting in part of leasing to third parties equipment owned by CHEP, including wooden block pallets ("CHEP Pallets"), for carrying, supporting, or handling goods;

WHEREAS, a description of CHEP pallets is attached as **Exhibit A** and incorporated by reference as if fully set forth herein for all purposes;

WHEREAS, CHEP never sells or transfers ownership of CHEP Pallets, and no party is entitled to purchase, sell, use, or dispose of CHEP Pallets in any way that is inconsistent with CHEP's ownership rights;

WHEREAS, Company has purchase, retained, sold, and/or used the CHEP Pallets that have come into Company's possession without CHEP's authorization or permission (such unauthorized use collectively referred to herein as the "Unauthorized Use");

WHEREAS, Company currently has at least 25 CHEP Pallets at Company's 13233 South Alameda Street, Compton, California 90221 facility ("Company's Compton Facility");

WHEREAS, CHEP has filed Civil Action No. 2:23-cv-05771-CAS-SK ("Civil Action"), against Company in the United States District Court for the Central District of California ("Federal Court"); and

WHEREAS, in order to avoid further cost, risk and delay related to the Civil Action, the Parties now wish to settle and compromise any and all disputes, claims, causes of action, or demands that have been alleged as part of or are related to the Civil Action, and including but not limited to any that could have been brought or asserted by any Party related to the Civil Action;

NOW, THEREFORE, expressly incorporating the foregoing Recitals as part of the consideration for this Settlement Agreement, and in further consideration of the promises and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree that the Civil Action shall be settled and compromised and the Parties otherwise agree as follows:

1. <u>Settlement Payments and Pallet Deliveries</u>. In exchange for a release of claims, as set forth below, and Company's compliance with the other covenants and agreements contained herein, on or before February 2, 2024, the Company will (i) allow CHEP to pick up all of the CHEP Pallets currently located at Company's Compton Facility ("Initial CHEP Pallet Delivery") with compensation to Company pursuant to the terms of the Asset Recovery Program (the "ARP") attached as **Exhibit C**, and (ii) pay to CHEP  twenty-five thousand dollars ($25,000.00 USD) ("Settlement Payment") payable in forty-eight (48) equal monthly installments of $520.83.  The payee of the Settlement Payment shall be CHEP USA.  The first such monthly installment shall be

received by CHEP on March 1, 2024 and on or before the first of each calendar month thereafter. Company shall mail or deliver the Settlement Payment to Samual A. Miller, Esq., Akerman, LLP, 420 S. Orange Ave., Ste 1200, Orlando, Florida 32801.

2.      Company Return and CHEP Retrieval of CHEP Pallets. For the Initial CHEP Pallet Delivery and all other instances of CHEP's retrieval, recovery, and pick up of CHEP Pallets, Company shall have the empty CHEP Pallets unloaded and stacked and shall provide CHEP, CHEP's representatives, and CHEP's equipment unimpeded access to the CHEP Pallets for retrieval. Company shall provide commercially reasonable cooperation to CHEP during the foregoing retrieval of CHEP Pallets. While any CHEP Pallets are in Company's possession, Company shall continue to maintain such CHEP Pallets in their current condition. The foregoing shall be without compensation from CHEP to Company.

3.      No Rights to CHEP Pallets. Company understands, acknowledges, and agrees that Company does not have any right to intentionally or knowingly buy, sell, possess, acquire, trade, deface, destroy, dismantle, and/or tamper with any CHEP Pallets now or at any time in the future and that doing so would constitute a material breach of this Settlement Agreement. In addition, Company understands, acknowledges, and agrees that CHEP Pallets are solely and exclusively owned by CHEP and that it does not have any ownership rights in or to CHEP pallets. Company agrees not to knowingly purchase, or sell, offer to purchase or sell, trade, exchange, repair, destroy, dismantle, or paint CHEP Pallets, or do anything else inconsistent with CHEP's ownership rights thereof.  In the event Company breaches its obligations under this paragraph or otherwise contained in this Settlement Agreement with respect to maintenance and return of CHEP Pallets, Company agrees that the measure of damages for any CHEP Pallet sold, used without authorization, lost, destroyed, dismantled, damaged beyond reasonable repair, or otherwise rendered unusable shall be thirty-five dollars ($35) per CHEP Pallet and that CHEP may seek any and all additional remedies available at law or equity with respect to this Settlement Agreement or the Consent Judgment (discussed below).

4.      Reporting of Further CHEP Pallets. If Company receives pallets from any person or entity following the Effective Date, Company shall promptly inspect such received pallets within twenty-four (24) hours and, if any such pallets are CHEP Pallets, shall (i) immediately and within twenty-four (24) hours of receiving CHEP Pallets, notify CHEP (Mario.Birsa@chep.com, or other representative as may be identified from time to time by CHEP) of the number of such CHEP Pallets and the identity of the third party that delivered such CHEP Pallets to Company; and (ii) segregate and stack such CHEP Pallets and provide CHEP, CHEP's representatives, and CHEP's equipment with unimpeded immediate access to the CHEP Pallets for retrieval within forty-eight (48) hours of Company's notification to CHEP and as provided in this Settlement Agreement.

5.      Identification of CHEP Pallet Source. Within five (5) business days after the Effective Date, Company shall provide a list of sources and produce copies of all invoices (or other equivalent documentation) (collectively, "Invoices") pursuant to which Company purchased, received, or otherwise came into possession, sold, and/or transferred CHEP Pallets during the last five (5) years. To the extent not apparent on the face of the Invoices, Company shall also identify the name(s) and address(es) of all individuals and/or entities that sold, transferred, otherwise made available, purchased, transferred and/or received CHEP Pallets to or from Company. Company

74874060;2

shall also specifically identify the location(s) where it acquired or delivered / transferred CHEP Pallets regardless of whether Company has any Invoices.

6.      Filing of Consent Judgment and Dismissal of Civil Action.  Within five (5) business days after Company's production and other compliance required by the preceding paragraphs, CHEP and Company will jointly file the Consent Judgment substantially in the form attached hereto as **Exhibit B**, (i) entering an injunction against Company enjoining any intentionally or knowingly future purchase, sale, destruction, dismantling, or otherwise treatment or use of CHEP Pallets inconsistent with CHEP's ownership rights; (ii) continuing the court's jurisdiction to enforce the terms of the Consent Judgment and/or this Settlement Agreement; and (iii) dismissing the Civil Action with respect to Company only with each party to this Settlement Agreement to bear its own attorneys' fees and costs.

7.      Future Collections of CHEP Pallets.  Beginning with the Initial Pallet Delivery, Company shall allow CHEP to recover all CHEP Pallets as follows.

   a.  *ARP Returns.*  Company agrees to allow CHEP to collect and recover any CHEP Pallets that come into Company's possession pursuant to the terms of the Asset Recovery Program (the "ARP") attached as **Exhibit C**.  As required for the ARP, Company shall provide CHEP with a signed ACH Form and a voided check, which ACH Form is attached as Composite **Exhibit D**.  Company shall be compensated under the ARP only for CHEP Pallets that are not subject to return under a CHEP customer's GLID and as provided for in section 7.b. (Non-ARP Returns) immediately below.  To the extent CHEP is recovering CHEP Pallets by picking them up from Company, CHEP will recover such pallets on at least a monthly basis.  The parties shall coordinate recovery schedules using commercially reasonable efforts.

   b.  *Non-ARP Returns.*  To the extent that (i) Company receives any CHEP Pallets from a CHEP customer with a GLID and (ii) that CHEP customer and Company has a contractual obligations to return the CHEP Pallets to CHEP on behalf of that customer, Company shall deliver at Company's sole expense those CHEP Pallets to CHEP.  Company shall notify CHEP of which CHEP Pallets are being returned and credited to any CHEP customer's GLID.  Those delivered CHEP Pallets will be credited to that CHEP customer's GLID and Companywill not compensated under the ARP.

8.      Release by CHEP.  Upon satisfaction by the Company of Company's obligations in this Settlement Agreement, CHEP hereby releases, acquits, and forever discharges Company as well as the Company's officers, directors, members, shareholders, owners, employees, and agents from any and all claims, actions, causes of action, demands, damages, losses, liabilities, obligations, costs, expenses (including reasonable attorneys' fees) and compensation whatsoever, to the extent relating to or arising in connection with the Unauthorized Use, known or unknown, from the beginning of time up to and including the Effective Date.

9.      Release by Company. Company hereby releases, acquits, and forever discharges CHEP and CHEP's partners, affiliates, employees, agents, officers, and directors from any and all

74874060;2

claims, actions, causes of action, demands, damages, losses, liabilities, obligations, costs, expenses (including reasonable attorneys' fees) and compensation whatsoever, to the extent relating to or arising in connection with the CHEP Pallets or the Unauthorized Use, known or unknown, from the beginning of time up to and including the Effective Date.

10.     Time is of the Essence.  The parties to this Settlement Agreement agree that time is of the essence with respect to performance of each of the Parties' respective obligations under this Settlement Agreement.

11.     CHEP Pallet Identification.  The obligations in this Settlement Agreement to make CHEP Pallets available to CHEP for pick up and recovery apply regardless of the condition of the CHEP Pallets.  If Company is unable to determine with reasonable certainty whether a pallet is a CHEP Pallet based on color, markings, and/or condition, Company shall promptly contact CHEP (Mario.Birsa@chep.com, or other representative as may be identified from time to time by CHEP) in order to arrange a visit by a local CHEP representative.

12.     CHEP Inspection Rights. Company agrees that CHEP may conduct a walk-through inspection of Company's Compton Facility to monitor compliance with this Settlement Agreement and determine the presence and number of CHEP Pallets at Company's Compton Facility (and any future Company facility that may replace it) ("Audit"). Company shall allow CHEP reasonable access without any required advance notice to the Company's Compton Facility (or any future Company facility that may replace it), including any warehouses, storage areas, trailers, and/or any location where CHEP pallets may be stored, during the Company's normal business hours to conduct such Audit.

13.     Integration. This Settlement Agreement constitutes the entire understanding and agreement between the Parties with respect to the settlement of the Civil Action, cancels all previous oral and written negotiations, commitments, and writings in connection therewith, and can only be modified by a writing signed by all of the parties.

14.     Enforceability of this Settlement Agreement. If any provision of this Settlement Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of any other provision of this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for herein is illegal, void or unenforceable, the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

15.     Construction.  For purposes of construction, this Settlement Agreement shall be deemed to have been jointly drafted by the respective Parties and their counsel, and the rule of construction of contracts that ambiguities are construed against the drafting party shall not be applied against any person.

16.     Authority. Each of the Parties and signatories to this Settlement Agreement represents and warrants to each other Party hereto that such Party or signatory has full power, authority and legal right and has obtained all of the approvals and consents necessary, to execute, deliver and perform all actions required under this Settlement Agreement.

74874060;2

17.     <u>Binding Effect</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the respective predecessors, successors, heirs, and assigns or estates of each of the Parties hereto and each past, present, direct, and indirect subsidiary, parent, and affiliated entity of each of the Parties hereto and each past and present employee, agent, officer, director, stockholder, or other representative of each of the parties hereto and any other person, firm, or corporation now, previously, or hereafter affiliated, in any manner, with the Parties hereto.

18.     <u>Representations and Warranties</u>. Each of the Parties hereto represents and warrants that it has carefully read this Settlement Agreement in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that it has consulted with independent counsel of its choice, who answered to its satisfaction all questions that it had regarding this agreement; that its undersigned representative is duly authorized to enter into this agreement on its behalf; that it voluntarily assents to all the terms and conditions contained herein; that by signing this Settlement Agreement it is bound by the terms and conditions contained herein; and that it is signing this agreement voluntarily and of its own free will.

19.     <u>Governing Law and Venue.</u>  This Settlement Agreement shall be governed by, construed, and enforced in accordance with the laws of the state of California without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws.  Each of the Parties hereby consents to the jurisdiction of the federal courts of the state of California and agrees that they are the sole and exclusive forum for the resolution of any dispute relating to or arising out of this Settlement Agreement or the Consent Judgment.

20.     <u>Cooperation of the Parties</u>.  The Parties shall cooperate to accomplish the purpose of this Settlement Agreement, to execute this Settlement Agreement, and to execute any supplementary documents and to take all additional actions not inconsistent with the terms of this Settlement Agreement that are necessary and appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

21.     <u>Notice</u>.  Except as otherwise provided herein, all notices and other communications for purposes of this Settlement Agreement shall be in writing, and shall be delivered by hand, courier or certified delivery letter (with formal acknowledgement of receipt), or by email, in each case addressed to:

To CHEP:

> Mario Birsa
> Mario.Birsa@chep.com
> National Mgr. Asset Protection & Security
> 5897 Windward Pkwy
> Alpharetta, Georgia 30005

With copy to:

> Samual A. Miller, Esq.
> samual.miller@akerman.com
> Akerman LLP

74874060;2

420 South Orange Avenue, Suite 1200
Orlando, Florida 32801

To Company:

Ariel Miranda
arielmiranda326@gmail.com
L.A. Pallets Inc.
13233 Alameda St,
Compton, California 90222

With copy to:

L. Walker Van Antwerp III
lwva3d@netscape.net
Van Antwerp Law Firm
510 West Sixth Street, Suite 1010
Los Angeles, California 90014

22.    <u>Counterparts</u>.  The Parties may sign this Settlement Agreement in counterparts, all of which together will constitute one document. This Settlement Agreement will be considered signed when an original signature, an image of a handwritten signature, or a digitally captured signature is delivered by mail, courier, fax, electronically, or as an attachment to an email.  Fax, scanned, and digitally captured signatures are to be deemed as original signatures.

**In witness whereof,** and intending to be legally bound hereby, the Parties have executed this agreement as of the Effective Date.

**L.A. PALLETS INC.**                    **CHEP USA**

By:_____        By:_____
Name: Ariel miranda                  Name: Mario Birsa
Title: Owner                         Title: National Mgr. Asset Protection & Security

**Page 6 of 11**

74874060;2

**EXHIBIT A**

## Pooled Wood Block Pallet
### North American Standard (48 x 40 inches)



### Overview

This industry standard quality wooden platform is ideal for the transport of goods in many industries including Fast Moving Consumer Goods, Beverage, Produce, Hardware, and Automotive industries.

Its 4-way entry design offers greater efficiencies during transport and storage.







### Features and Benefits

**Innovative Design**

- True 4-way entry ensures compatibility with all standard pallet jacks and forklifts
- Provides greater efficiency in pallet loading and unloading
- Free Span racking in either direction

**Consistent Specification**

- Suitable for automated production and warehousing facilities, increasing operational efficiency

**Consistent Availability**

- Ensures no delay in production at times of seasonal or unexpected demand

**Robust Construction - Full Perimeter Base**

- Provides strength for safe handling of heavy loads
- Evenly distributes load to reduce product damage
- Provides stability in block stacking
- Design eliminates notched stringers

**Environmentally Sound**

- Made from 100% reuseable or recycled materials

### Specifications

**Dimensions - in inches**

| | Length | Width | Height |
|---|---|---|---|
| | 48 | 40 | 5.6 |

**Window / Pallet entry - in inches**

| | Width | Height |
|---|---|---|
| 48 in side | 14.6 | 3.5 |
| 40 in side | 12.5 | 4.2 |

**Configuration and Stacking**

- Block stacked up to 5 unit loads high, not to exceed 10,000 lbs
- Empty pallets can be (stacked) stored 19 high in a trailer

### Notes

**Materials**

Wood: quality timber from a controlled selection of different wood types, primarily kiln-dried Southern Yellow Pine

Paint: water based

Nails: either standard or stiff stock wire

**Handling**

- Maximise the use of the pallet surface
- Minimise lifting from the undersides of the skids
- Rack the pallets under the outside blocks

**Performance and Standards**

A general purpose pallet that can be safely used for most applications in the distribution and transport chain. The CHEP Block Pallet has been designed using the Pallet Design System to carry 2,800 lbs in normal operating circumstances with a uniformly distributed load.

FM Approval applies to wood pallets that utilize composite wood blocks produced after December 30, 2008

**Truck Load Quantity**

570 pallets

CHEP.com

CHEP Palleon Solutions
Suite 100
27864 Armhein Road
Livonia, MI 48150
USA
Tel: 1 888 873 2277

CHEP USA
5897 Windward Parkway
Alpharetta, GA 30005
USA
Toll Free: + 1 800 376 2437
Tel: +1 407 370 2437
Fax: +1 407 355 6211

Property of CHEP. All equipment is rented under CHEP standard terms and conditions, which are available at 8517 South Park Circle, Orlando, FL 32819. All CHEP equipment remains the exclusive property of CHEP at all times.

74874060;2

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHEP USA,

      Plaintiff,

                         Case No.: 2:23-cv-05771-CAS-SK

v.

L.A. PALLETS INC.,

      Defendant.

---

### CONSENT JUDGMENT

UPON CONSIDERATION of the Settlement Agreement entered into between the Parties, Plaintiff CHEP USA ("CHEP"), and Defendant L.A. Pallets Inc. (the "Defendant"), it is this 29 day of January 2024, STIPULATED by the Parties and ORDERED THAT:

1.      CHEP is the sole and exclusive owner of the wooden pallets painted blue and/or marked with "Property of CHEP" (hereafter defined as "CHEP Pallets"). A description of the CHEP Pallets is attached as **Exhibit A**.

2.      CHEP has not licensed or leased the CHEP Pallets to Defendant for use in the Defendant's business or for any other purpose.

3.      CHEP is entitled to recover all CHEP Pallets from Defendant with the retrieval schedule and ongoing recovery terms agreed to by the Parties separately in the Settlement Agreement of this litigation.  A copy of the Settlement Agreement is attached as **Exhibit B**. Defendant shall provide unimpeded access to the CHEP Pallets for retrieval and shall provide commercially reasonable cooperation to CHEP during retrieval of the CHEP Pallets.

4.      Defendant and its officers, directors, owners, and employees, are hereby enjoined

**Page 8 of 11**

from any intentionally or knowingly future purchase, sale, use, destruction, dismantling, or otherwise treatment or use of CHEP Pallets inconsistent with CHEP's ownership rights, the Settlement Agreement, and/or this Consent Judgment.

5.      Defendant agrees that CHEP may conduct a walk-through inspection of Company's Compton Facility to monitor compliance with the Settlement Agreement and determine the presence and number of CHEP Pallets at Company's Compton Facility (described in the Settlement Agreement) (and any future Company facility that may replace it). Company shall allow CHEP reasonable access without any required advance notice to the Company's Compton Facility (or any future Company facility that may replace it), including any warehouses, storage areas, trailers, and/or any location where CHEP pallets may be stored, during the Defendant's normal business hours.  If CHEP pallets are discovered during any such inspection, which CHEP pallets had not been previously disclosed, Defendant shall identify the source of those CHEP pallets.

6.      Defendant agrees to produce copies of all invoices (or other equivalent documentation) (collectively, "Invoices") pursuant to which the Company purchased, received, or otherwise came into possession, sold, and/or transferred CHEP Pallets in accordance with the terms of the Settlement Agreement.  To the extent not apparent on the face of the Invoices, Company shall also identify the name(s) and address(es) of all individuals and/or entities that sold, transferred, otherwise made available, purchased, transferred and/or received CHEP Pallets to or from Company. Company shall also specifically identify the location(s) where it acquired or delivered / transferred CHEP Pallets regardless of whether Company has any Invoices.

7.      Defendant shall notify CHEP if it intends to relocate the Company's Compton Facility (as that term is defined in the Settlement Agreement).

74874060;2

8.      This Consent Judgment shall bind all successors and assigns of the Parties.

9.      Upon the Entry of this Consent Judgment, this Civil Action is hereby dismissed against the Defendant upon stipulated terms.  However, this Civil Action may be reopened at any time against the Defendant to enforce the Settlement Agreement and/or this Consent Judgment through the entry of an order to show cause, judgment, or for other appropriate relief.

10.     Each Party shall bear its own attorneys' fees and costs incurred in this Civil Action. Any future award of attorneys' fees and costs shall be awarded pursuant to the Settlement Agreement.

11.     This Court retains jurisdiction over this matter with respect to Defendant for the purposes of administration and enforcement of this Consent Judgment and the Parties' Settlement Agreement.

**CONSENTED TO BY**:

**L.A. PALLETS INC.**

By: _____

Name: Ariel Miranda
Title: Owner

**CHEP USA**

By: _____

Name: Mario Birsa
Title: National Mgr. Asset Protection &
Security

**SO ORDERED:**

_____

HONORABLE JUDGE PRESIDING

74874060;2

**EXHIBIT C**



A Brambles Company
**CHEP Asset Recovery Program (ARP)**

**CHEP USA**
7501 Greenbriar Pkwy
Orlando, Florida 32819

February 6, 2024

**L.A. Pallets Inc.**

**13233 South Alameda Street**

**Compton, California 90221**

**Your GLOBAL ID # is: 4000383473**

In the normal course of your business, you may inadvertently encounter "stray" CHEP pallets. To compensate you for the cost of returning CHEP's property, CHEP will provide the following:

**CHEP collecting from your location.**

- Pay $1.90 plus local market adjustment of $0.60 per CHEP pallet that is loaded onto a CHEP collection truck.

Payment Process

CHEP will continue using the invoice-free payment process you're set up on. **Payment will be made automatically by CHEP within the week following a return of pallets**.

Please save the bill of lading (BOL) receipt generated by the CHEP service center or the return note from the CHEP driver. The payment remittance information will contain the UA number or return note from the receipt. The payment amount will be calculated from the quantity of pallets received by the CHEP service center.

If you are currently not set up for payments, please contact CHEP at 866-855-2437.

CHEP Customers

**Pallets returned from contractual CHEP customers are not eligible for the ARP payment.**

Recyclers returning pallets on behalf of a CHEP customer will continue to use the corresponding GLID of that customer. You will not be compensated for pallets returned from contracted CHEP customers. It is highly recommended that you **consult with your customer on their status with CHEP.** You may also consult with your local asset recovery representative or ARP coordinator, who will be glad to assist.

If you return pallets coming from a CHEP customer using your own GLID, you will be required to reimburse CHEP the ARP amount paid to you. It is up to you to ensure the correct GLID is presented when returning pallets to CHEP.

If you have any questions, please contact your asset recovery representative or email arp@chep.com. As always, thank you for participating in the CHEP Asset Recovery Program.

HANDLING THE WORLD'S
MOST IMPORTANT PRODUCTS
everyday.



A Brambles Company
**CHEP Asset Recovery Program (ARP)**

**CHEP USA**
7501 Greenbriar Pkwy
Orlando, Florida 32819

I acknowledge that I have received the CHEP Asset Recovery Program Welcome letter and understand the CHEP Asset Recovery Program.

_____
Signature

Ariel miranda
_____
Print Name

feb. 8, 2024
_____
Date

_____
Title

This communication replaces and supersedes any and all prior communications from CHEP regarding the above subject matter. CHEP reserves the right to modify or cancel the CHEP Asset Recovery Program at any time, with or without prior notice.

Because CHEP rents rather than sells its pallets to third parties, CHEP retains ownership of them at all times. As a result, no one else may obtain title to CHEP pallets, and under no circumstances may CHEP pallets or containers be bought, sold, exchanged, modified or destroyed. The repair of CHEP pallets may only be performed by CHEP-authorized representatives.

HANDLING THE WORLD'S
MOST IMPORTANT PRODUCTS
everyday.